REGINALD A. SASSANO, PLAINTIFF-APPELLANT, v.
PHOEBE SASSANO, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 18, 1978—Decided May 12, 1978.

---

[1] Compare *N. J. S. A.* 2A:74–2 (approved January 8, 1976, effective 30 days thereafter).

Before Judges LORA, SEIDMAN and MILMED.

*Mr. Howard S. Borden, Jr.,* attorney for appellant.

*Messrs. Braun & Braun,* attorneys for respondent (*Mr. Julius Braun* on the brief).

PER CURIAM. Plaintiff husband appeals from an order of the Chancery Division which (1) "granted" his "application for a dismissal" of this action for divorce, and (2) ordered him to pay counsel for defendant wife a counsel fee of $205.

The pertinent facts may be briefly stated. On October 21, 1974 plaintiff filed his complaint seeking a dissolution on "no fault" grounds, *N. J. S. A.* 2A:34–2(d), of his marriage to defendant. Defendant answered and counterclaimed seeking (1) a dissolution of the marriage on the same "no fault" grounds; (2) equitable distribution of the property "acquired by the plaintiff during the marriage," and (3) counsel fees and costs. On January 25, 1977 that action was dismissed, without prejudice, for lack of prosecution. On April 14, 1977 plaintiff filed a new complaint seeking dissolution of the marriage on the same grounds. Defendant then moved "for an Order assessing counsel fees and costs [in regard to the prior dismissed action] in accordance with Rule 4:37–4." While this motion was pending, plaintiff's counsel filed what was captioned to be a "Stipulation of Dismissal" of the second action, but what was obviously intended to be a unilateral voluntary dismissal.[1] Defendant's

---

[1]Although the "Stipulation" reads: "It is hereby stipulated by and between the parties that the above entitled matter be and the same is hereby dismissed without prejudice and without costs," it is signed only by the attorney for plaintiff.

counsel then addressed a letter to the clerk of the court requesting that the dismissal not be filed.

At the hearing on defendant's motion the trial judge did not decide the matter but called for an affidavit from defendant's counsel "as to services rendered in connection with this pending matter," adding "and I'll have a letter opinion on this matter." No letter opinion was issued, nor did the trial judge render any decision orally or in writing. He did, however, sign an order submitted to him by defendant's counsel, in which "plaintiff's application for a dismissal" was granted, and a counsel fee of $205 was awarded.

As we previously indicated, defendant moved for "counsel fees and costs in accordance with Rule 4:37–4." Her attorney, in his affidavit submitted in support of the motion, requested

* * * an Order, compelling the plaintiff, herein, Reginald A. Sassano, to pay the counsel fees and costs of the defendant Phoebe Sassano, in the amount of $680.00, for the action brought under Docket No. M–3444–74 [the earlier action], and to stay the proceedings in this action bearing Docket No. M–16611–76 until such time as the plaintiff complies with such Order.

While counsel fees may be allowed in a matrimonial action under *R.* 4:42–9(a) (1), defendant's motion was not made pursuant to that rule. Instead, it was specifically made pursuant to *R.* 4:37–4,[2] under which the trial court might have allowed costs of the earlier action, but not counsel fees.[3]

---

[2] Prior to the filing and service of an answer in the second suit.

[3] On a motion made pursuant to *R.* 4:37–4, the court "may make such order for the payment of costs of the action previously dismissed as it deems appropriate and may stay the proceedings in the action until the plaintiff has complied therewith." While the *Rule* may, by its terms, be invoked by a defendant serving an answer where "plaintiff," having dismissed his prior action commences another action based upon or including the same claim against the same defendant, we are satisfied that, when read in conjunction

We further note that, in the circumstances, plaintiff could have, under *R.* 4:37–1, filed a notice of dismissal without court order "at any time before service by the adverse party of an answer or of a motion for summary judgment * * *." The rule says nothing about any other kind of motion. As we earlier indicated, plaintiff's dismissal, though referred to as a stipulation, was clearly intended to be a notice. We are satisfied that the granting of "plaintiff's application for a dismissal," as set forth in the "Order of Dismissal" of July 18, 1977, inappropriate as it may have been, accomplished the same purpose and that no harm resulted to either party in that regard.

The order of July 18, 1977 under review, insofar as it directs plaintiff to pay counsel for defendant a counsel fee of $205, is reversed. Insofar as such order grants a dismissal of the action, it is affirmed. The matter is remanded to the trial court for a determination of the costs to be allowed pursuant to *R.* 4:37–4 and the entry of an appropriate order limited thereto.

---

with *R.* 4:42–8(a), it may similarly be invoked where, as here, the earlier action was dismissed, on the court's own motion, for lack of prosecution.